SMITH *v.* STATE.

[65 South. 642.]

PERJURY. *Subornation of perjury.  Evidence.*

Where an indictment charged that accused attempted to induce one Bardsley to commit perjury by swearing that he, Bardsley had not bought cocaine from one Cox and to act crazy before the grand jury, a conviction of subornation of perjury cannot be had unless the state shows by evidence:  First, that Cox had sold Bardsley cocaine, and second, that Bardsley knew that Cox was the person who sold him the cocaine, and third, that accused knew that in the event Bardsley testified that he did not know who sold him the cocaine, he would be stating that which would be false.

APPEAL from the circuit court of Forrest county.

HON. PAUL B. JOHNSON, Judge.

E. A. Smith was convicted of attempted subornation of perjury and appeals.

Appellant was indicted and convicted of attempting to suborn perjury.  The indictment charges that one F. C. Cox had been charged with selling cocaine and a warrant issued by a justice of the peace for his arrest, and that on the hearing said Cox had been bound over to await the action of the grand jury, and that, before the

grand jury had convened for the purpose of investigating the charge, this appellant, A. E. Smith, "unlawfully, feloniously and corruptly did, by the offer of two hundred dollars as aforesaid, unlawfully, feloniously endeavoring and attempting to procure said Will Beardsley a witness as aforesaid to commit a willful and corrupt perjury in the manner and form aforesaid." On the trial, Beardsley testified that, while the charge was pending against Cox, appellant approached him and offered him two hundred dollars to swear before the grand jury that he had not bought cocaine from Cox and endeavored to have him "act crazy" when he appeared before the grand jury, and state that he did not know the name of the man from whom he bought cocaine, and tried to get him to give unintelligible answers to questions propounded by the grand jury so that they would not return a true bill against Cox. The case was submitted to a jury on instructions of the court and resulted in a conviction. On appeal, the granting by the court of the first two instructions requested by the state is assigned as error. Said instructions are as follows:

"(1) The court instructs the jury for the state, if you believe from the testimony beyond a reasonable doubt that Will Beardsley was a material witness in the case of the state of Mississippi against F. C. Cox wherein F. C. Cox was charged with the unlawful and felonious sale of cocaine, and that the said F. C. Cox had been required to give bond to await the action of the grand jury of Forrest county on said charge, and that the said Will Beardsley had been required to enter bond to appear before the said grand jury as a witness against the said Cox, in said cause, and that, before the convening of said grand jury to which said Cox was to await, the defendant, A. E. Smith, unlawfully, corruptly, and designedly offered the said Will Beardsley the sum of two hundred dollars to appear before said grand jury and unlawfully and corruptly commit perjury, and upon his cor-

poral oath to act before said grand jury like he was crazy, and to say before said grand jury he did not buy cocaine from said Cox, and that he did not know the said Cox, and that he did it with the intent then and there of preventing the said grand jury from indicting the said F. C. Cox on the charge aforesaid as charged in the indictment, then it is the duty of the jury to find the defendant guilty as charged.

"(2) The court instructs the jury for the state that, before you are warranted in convicting the defendant, it is not necessary that you should believe from the testimony beyond a reasonable doubt that the defendant actually paid Will Beardsley two hundred dollars, or that he actually tendered the said Will Beardsley two hundred dollars, but you are warranted in convicting the defendant if you believe from the testimony beyond a reasonable doubt that he offered the said Will Beardsley the sum of two hundred dollars and knowing at the time that the said Will Beardsley was a witness and under bond to appear before the next grand jury of Forrest county as a material witness against F. C. Cox in the case of the state against F. C. Cox on a charge of unlawfully and feloniously selling cocaine, intending thereby to cause the said Will Beardsley to appear before said grand jury and unlawfully and corruptly commit willful perjury, and upon his corporal oath to act before said grand jury like he was crazy, and to say before said grand jury that he did not buy cocaine from the said Cox, and that he did not know the said Cox, willfully and feloniously intending then and there to prevent the said grand jury from indicting the said F. C. Cox on the charge aforesaid in the indictment."

*Flowers, Brown & Davis,* for appellant.

At every stage of this trial the prosecution overlooked the vital element in the charge, that is, the falsity of any statement to the effect that Beardsley did not buy co-

caine from Cox and did not know Cox, nor did not know from whom he bought it.

This is fundamental. It is not a technicality. There is not a word of proof in the record to enable this court, or the jury, to determine whether Beardsley bought cocaine from Cox or whether he knew Cox or knew that he bought cocaine from him. And in the second place the proof should go further and show that Smith knew that what he asked Beardsley to say was untrue. There was no attempt to do this. Even though Smith might have thought that Cox was not known to Beardsley and did know, as a matter of fact, that Beardsley did not buy any cocaine from Cox, yet, on this indictment and the instructions of the court, Smith might still be found guilty. In other words we have only to look back to the fundamental. Smith could not be found guilty of an attempt to suborn, unless he would have been guilty of subornation of perjury if his attempt had met with success. Well, if he had succeeded he could not be found guilty here of subornation unless it should be shown by the record that he knew the facts not to be as he wanted them sworn to by Beardsley.

''Both the suborner and the suborned must, as elements of the offense, know the testimony to be false, and the former must be aware that the latter so knows it, otherwise there is not the needful corruption.'' 2 Bishop's New Crim. Law, sec. 1197; 2 Wharton's Crim. Law (10 Ed.), sec. 1329. The author cites *Coyne* v. *People* (Ill.), 7 A. S. R. 324, and *U. S.* v. *Evans*, 19 Fed. 912.

In the latter case it was said: ''It (the indictment), avers that Burnett knew that these allegations were false, and it negatives them by averring what the facts were. It also avers that the defendant, when he procured Burnett to swear to these allegations, also knew that they were false. It does not aver that he knew that Burnett was aware of their falsehood. To sustain an indictment for procuring a person to commit perjury, it is obviously

necessary that perjury has, in fact, been committed. It cannot be committed unless the person taking the oath not only swears to what was false, but does so willfully and knowingly. He who procures another to commit perjury must not only know that the statements to be sworn to are false, but also that the person, who is to swear to them, knows them to be false; for unless the witness has that knowledge, the intent to swear falsely is wanting, and he commits no perjury. It is, therefore, essential that the indictment should aver, not only that the statements made by the witness were false in fact, and that he knew them to be false, but also that the party procuring him to make those statements knew that they would be intentionally and willfully false on the part of the witness, and thus the crime of perjury would be committed by him. The allegations of the indictment in this case are consistent with a belief on the part of the defendant that the party alleged to have been suborned supposed the statements he was expected to make to be true. In that case he would not be guilty of perjury, nor could the defendant be adjudged guilty of procuring him to commit perjury.'' It is held by the following authorities that the above averments are essential. Whar. Crim. Law, sec. 1331; *Commonwealth* v. *Douglas,* 5 Met. 241; *Stewart* v. *State,* 22 Ohio State, 477.

*Geo. H. Ethridge,* for appellee.

It is insisted that instruction number one for the state is erroneous, because it states to the jury that if they believe, beyond a reasonable doubt that Beardsley was a material witness in the case of *State of Mississippi* v. *Cox,* charged with the sale of cocaine, etc., that they should find him guilty. It is contended that it was not the province of the jury to determine the materiality of the testimony, but that, that is the function of the court alone. This statement is misleading. The court is the judge of the materiality of the evidence when it is offered in the case, but in a case of perjury, or an attempt to

procure testimony, one of the essentials of the offense is
that the testimony upon which the perjury is assigned
must be the materiality of the issue.  The proof must
show the materiality of the evidence in the case upon
which the charge is predicated.  It is not perjury to tes-
tify falsely to immaterial matters and the jury must find,
among other things to convict, that the testimony at-
tempted to be procured was material to some suit or in-
quest.

It is next insisted that the state's instruction does not
tell the jury the quantity of proof necessary to convict
and that it was not told that it required two witnesses or
one witness with corroborating circumstances to convict.
In answer to this criticism, I desire to say that the state
is not under any obligation to ask any instructions at all.
Section 1321 of the Code, does not require two witnesses
or one witness with corroborating circumstances to con-
vict.  The rule is that the testimony of one credible wit-
ness is sufficient to sustain a conviction if the jury accept
that testimony.  The statute has in several cases, required
additional proof but it has not done so in the offense
defined by this indictment.  The proof, however, fur-
nishes the necessary provisions.  The jury had all the
evidence that could be required if the rule applied to this
offense.  The defendant could have asked an instruction
on that proposition had it desired to have done so.  It is
certainly proven that the statement was made in the pres-
ence of Smith and several other witnesses, in which Smith
was charged with having offered to pay two hundred
dollars, if the witness would swear to certain things
charged in the indictment.  He did not deny the charge
so made and his silence operates as an admission of the
truth of the charge.  This is proven by other testimony
than Beardsley's.

SMITH, C. J., delivered the opinion of the court.

The first and second instructions to the jury granted
by the court below at the request of the state permitted

the jury to convict appellant without it appearing from
the evidence: First, that Cox had sold Beardsley co-
caine; second, that Beardsley knew that Cox was the
person who sold him the cocaine; third, that appellant
knew that, in event Beardsley testified that he did not
know who sold him the cocaine, he would be stating that
which was false. That the state must prove these facts
was ignored in the first and second instructions granted
at the request of the state wherein the jury were charged
to convict in event appellant sought to induce Beardsley
by the offer of money to commit perjury by stating "that
he did not buy cocaine from the said Cox and that he did
not know said Cox."

*Reversed and remanded.*